HEIRS OF DELORD SARPY *v.* CITY OF NEW ORLEANS.

The division of the batture outside of New Levee Street as far as Front Street into streets and squares, was not an expropriation of the property, so far as the streets were concerned, of which the riparian proprietors had never been in possession. 12 An., 500.

By the terms of the Act of the Legislature of the 30th April, 1853, (Session Acts, p. 298,) the proprietors of batture in the limits of the city of New Orleans, in reducing the batture to private occupation are bound to leave open to public use, without charge, whatever space may be required by the corporation for public highways or streets.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J. *Janin & Griffon,* for plaintiff. *J. J. Michel,* for defendant and appellant.

BUCHANAN, J. The facts of this case are similar to those of *Remy* v. the same defendant, reported in 12th An., 500. The plaintiffs, proprietors by right of accretion of a batture or alluvion formed by the action of the Mississippi River, within the limits of the corporation of New Orleans, claim compensation for the soil of streets laid out many years ago upon the batture by the city authorities. The proceeding which plaintiffs have adopted to enforce this claim, is that prescribed by Articles 2604 and following of the Civil Code, in cases of expropriation.

The following language of the decision in *Remy's* case (12th An., 502,) is the expression of an opinion to which we still adhere, and which is applicable to the present case.

" The judgment in the petitory action instituted by plaintiffs cannot be interpreted as having recognized a right in the plaintiffs to the private occupation of the whole of the batture in front of their land, without regard to the administrative power of the city corporation over the batture and landing.* * * * * * In our view of the case, the division of the batture into streets and squares, was no expropriation of the plaintiffs, so far as the streets are concerned, for they had never been in possession of the soil of those streets, nor indeed of any part of the batture. Such division was, in fact, a restriction of the public use, previously embracing the whole batture, to the comparatively small portion of the batture covered by the streets."

In justification and support of the doctrine of the *Remy* case, a brief review of the legislation on this subject may not be out of place.

Formerly, and at the time Front, Fulton and Delta streets were laid out, the city corporation, as administrator for the public, was judge without appeal of the extent to which the batture, within the corporate limits, was required for public use; and it was only with the consent of the corporation, and under such limitations as the corporation chose to impose, that the riparian proprietor could obtain individual occupation of the batture formed in front of his land. *Erwin & Pulley* v. *Mayor, &c.,* 18 L. R. But the Act of the Legislature of 30th April, 1853, (Session Acts,) p. 298, subjected the powers of the city corporation in this regard to judicial control; and a right was given to any riparian proprietor, who conceived that the corporation was withholding from him more of the alluvion than was necessary for the public use, " to institute suit," says the statute, " against said corporation for so much of the batture as may not be necessary for the uses of commerce and navigation, *and for the necessary public highways and other public uses,* and if it be determined by the court that any portion of said batture be *not necessary for the public uses above-mentioned,* the court shall decree that said owner is entitled to said property, and compel said corporation to permit him to enjoy the use and full ownership of such portion of said batture."

From the terms of this law it is plain, that the proprietors of batture in the limits of the city of New Orleans, in reducing the batture to private occupation, are bound to leave open to public use, without charge, whatever space may be required by the corporation for public highways or streets.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed; and that there be judgment in favor of defendant and appellant, and against the plaintiffs and appellees, with costs in both courts.

SPOFFORD, J., took no part in this case.